UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANYE SALINOVICH, JUAN DOMINGO
BALESTRELLI, ANA LIDIA LEIVAS AND
CHRISTOPH HAGEMANN,

                              Plaintiffs,

           -against-

THE REPUBLIC OF ARGENTINA,

                              Defendant.

11 CV 4223 (TPG)

**OPINION**

---

Plaintiffs[1] are the beneficial owners of certain bond indebtedness issued by defendant, the Republic of Argentina (the "Republic"), on which the Republic defaulted in December 2001. Plaintiffs are suing to recover amounts due to them as a result of the default and have moved for summary judgment. The Republic has no objection to the entry of summary judgment.

The motion is granted.

## FACTS

The bond indebtedness at issue are governed by the (i) Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") and (ii) Euro-Medium Term Notes Programme (the "EMTN Programme") pursuant to the Terms and Conditions of the Trust Deed governing the EMTN Programme, dated as of July 27, 1993. The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804, 2003 WL 1878420, at *1

---

[1] Plaintiffs Anye Salinovich, Juan Domingo Balestrelli, and Ana Lidia Leivas are moving for summary judgment with respect to their bonds with ISIN US040114AZ32, and Plaintiff Christoph Hagemann is moving for summary judgment with respect to his bonds with ISIN XS0105224470. Bonds with ISIN US040114FC91 held by Plaintiffs Juan Domingo Balestrell and Ana Lidia Leivas (principal amount $82,000) have been removed from those Plaintiffs' account; accordingly, the claims on those bonds are being dismissed without prejudice.

(S.D.N.Y. Apr. 14, 2003).[2] Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the 1994 FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs,

> each holder of Securities of such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately....

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults. *Lightwater*, 2003 WL 1878420, at *2; *Applestein v. Province of Buenos Aires*, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003). On or about May 18, 2011 and June 1, 2011, plaintiffs sent notices to the Fiscal Agent of the Republic of Argentina, providing notice of an event of default, demanding payment on certain bonds governed by the 1994 FAA and the EMTN Programme, and declaring the principal amount of the other debt securities governed by the 1994 FAA and the EMTN Programme to be immediately due and payable.

---

[2] The provisions contained in the EMTN Programme are substantially similar to those contained in the 1994 FAA and will therefore not be discussed separately.

The bonds that are the subject of this action, and the amounts of beneficial interests owned by plaintiffs, are listed in the following tables.[3]

## TABLE 1

| | |
|---|---|
| **Plaintiff Bond Holder or Beneficial Owner:** | ANYE SALINOVICH, JUAN DOMINGO BALESTRELLI AND ANA LIDIA LEIVAS |
| **Face Value:** | $ 26,000 |
| **ISIN No.:** | US040114AZ32 |
| **Date Of Issuance:** | December 4, 1998 |
| **Date Of Maturity:** | December 4, 2005 |
| **Interest Rate/Payable:** | 11% |
| **Notice of Acceleration:** | May 18, 2011 |
| **Contract Documents:** | Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 Fiscal Agency Agreement") |
| **Evidence of Ownership Proffered:** | Certificate from Caja de Valores dated as of August 24, 2011. |

---

[3] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in *Million Air Corp. v. Republic of Argentina*, No. 04-1048, 2005 WL 2656126 (S.D.N.Y. Oct. 17, 2005).

3

## TABLE 2

| Plaintiff Bond Holder or Beneficial Owner: | CHRISTOPH HAGEMANN |
|---|---|
| Face Value: | € 600,000 |
| ISIN No.: | XS0105224470 |
| Date Of Issuance: | December 22, 1999 |
| Date Of Maturity: | December 22, 2004 |
| Interest Rate/Payable: | 3-months Euribor + 5.10% |
| Notice of Acceleration: | June 1, 2011 |
| Contract Documents: | Euro Medium-Term Notes Programme (the "EMTN Programme"), pursuant to the Terms and Conditions of the Trust Deed governing the EMTN Programme, dated as of July 27, 1993 |
| Evidence of Ownership Proffered: | Certificate and letter from HypoVereinsbank, member of Unicredit, as of September 19, 2011 and March 27, 2012, respectively. |

## DISCUSSION

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA. *See, e.g., Mazzini v. Republic of Argentina*, No. 03 Civ. 8120, 2005 WL 743090, at *1 (S.D.N.Y. Mar. 31, 2005). Only standing and proof of ownership need to be discussed in connection with the present motion.

In *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir. 2005), and *Applestein v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted

4

subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cilli v.Republic of Argentina*, No. 04-6594.

Here, plaintiffs have adequately demonstrated through their account statements that they owned their beneficial interests as of August 2011 and March 2012. There is no evidence of any change of ownership thereafter.

## CONCLUSION

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the bonds issued under the 1994 FAA and the EMTN Programme plus accrued interest.

Settle judgment.

**SO ORDERED.**

Dated:   New York, New York
         June 7, 2012

                                            THOMAS P. GRIESA,
                                            U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/12
```